[No. B241342. Second Dist., Div. Four. Aug. 28, 2012.]

COUNTY OF LOS ANGELES DEPARTMENT OF REGIONAL
PLANNING, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
QUOC THAI PHAM et al., Real Parties in Interest.

**COUNSEL**

John F. Krattli, Acting County Counsel, Richard D. Weiss, Assistant County Counsel, Lawrence L. Hafetz, Principal Deputy County Counsel; Manning & Kass, Ellrod, Ramirez, Trester, Eugene P. Ramirez, Steven J. Renick and Michelle B. Ghaltchi for Petitioner.

No appearance for Respondent.

Janice Y. Fukai, Alternate Public Defender, Jean M. Costanza and Michael Goodman, Deputy Alternate Public Defenders, for Real Parties in Interest Quoc Thai Pham and Arthur Lee Neal, Sr.

Ronald L. Brown, Public Defender, Dylan Ford, Susanne Blossom, Leslie Ringold and Albert J. Menaster, Deputy Public Defenders, for Real Party in Interest Harold P. Brown.

Christa Hohmann for Real Party in Interest Bernard Harper.

**OPINION**

**SUZUKAWA, J.**—The County of Los Angeles (County), by and through the County Department of Regional Planning (Department), seeks a writ of mandate directing the trial court to vacate its order appointing two of the Department's employees as confidential expert witnesses for real parties in interest, Quoc Thai Pham, Harold P. Brown, Arthur Lee Neal, Sr., and Bernard Harper. We conclude the superior court erred in refusing to vacate its expert appointment order and issue a peremptory writ of mandate directing it to do so.

## FACTUAL AND PROCEDURAL BACKGROUND

This matter is before this court for the second time. At issue in the first appeal was the trial court's ruling with respect to the enforcement of Penal Code section 3003.5, subdivision (b).[1] That subdivision, which was added when the voters enacted Proposition 83 in November 2006, provides: "Notwithstanding any other provision of law, it is unlawful for any person for whom registration is required pursuant to Section 290 to reside within 2000 feet of any public or private school, or park where children regularly gather."

On October 7, 2010, Pham, Brown, and Neal, Sr., filed an application for a temporary stay of enforcement of section 3003.5, subdivision (b) as to all

---

[1] All further undesignated statutory references are to the Penal Code.

registered sex offenders on active parole in Los Angeles County. Their principal contention was that because there was no compliant housing in the county, enforcement of the statute resulted in an unconstitutional banishment. (*In re Pham* (2011) 195 Cal.App.4th 681, 684–685 [124 Cal.Rptr.3d 697].) On November 1, 2010, the trial court granted the application. Matthew Cate, Secretary of California's Department of Corrections and Rehabilitation, filed a timely appeal. We determined the trial court erred in concluding that Pham, Brown, and Neal, Sr., were likely to prevail on the merits of their banishment claim and reversed the November 1 order. (*Id.* at pp. 684, 689–690.)

On November 12, 2010, a deputy public defender representing Brown filed an ex parte application seeking the appointment of two employees of the Department, Nick Franchino and Todd Zagurski, as confidential experts for real parties in interest pursuant to Evidence Code sections 730 and 952. There is no evidence that the application was served on the Department. On November 15, the trial court signed an order under seal appointing the requested experts "to confidentially consult with and assist petitioners in the above-entitled matter." On March 1, 2011, the court signed a second order under seal approving the payment of supplemental fees.

On October 11, 2011, the County, by and through the Department, filed a motion to vacate the experts' appointment. In addition, the County sought the return of all documents and information provided to real parties in interest by the experts and an order that real parties in interest make no use of the material in the matter pending before the court.

The County alleged the following. In 2008, in preparation for enacting an ordinance enforcing the mandate of section 3003.5, subdivision (b), the County prepared a mapping study to determine whether parolees would be able to find compliant housing in the unincorporated areas of Los Angeles County. In October 2010, the same deputy public defender who applied for the expert appointment order at issue sent a letter to Nick Franchino, expressing her understanding that it would be possible to remove layers of the map that would allow the location of schools, parks, and residential housing to remain. She sought the Department's assistance in duplicating those amended maps. The request was forwarded to Lawrence Hafetz, principal deputy county counsel, who advised the Department that it would not be a problem to comply with the request.

At some point (it is not clear from the record when), the Department learned the trial court signed an order appointing Franchino and Zagurski as real parties in interest's confidential experts. The Department became aware that real parties in interest were using the experts to add additional data to the 2008 map in real parties in interest's attempt to have section 3003.5,

subdivision (b) declared unconstitutional. The task performed by the experts was beyond the scope of the work the Department had approved in October 2010. The County argued that had it been made aware that real parties in interest were going to use Department employees to create a new map, it would have objected to the appointment request. The County alleged that it was a conflict of interest to have Department employees working with a party who sought to have section 3003.5, subdivision (b), and in effect the County ordinance (see L.A. County Code, ch. 13.59 et seq.), invalidated.

Real parties in interest responded that no conflict of interest existed as a matter of law because the County was neither a party nor a representative of a party to the litigation. They argued the County could not claim that the appointed experts possessed confidential attorney-client information because the map the experts created utilized the Department's 2008 map, which is a public record. Real parties in interest asserted that the Department was aware its employees were appointed as experts and its change of heart was not a ground to vacate the appointment order.

After hearing oral argument, on March 21, 2012, the trial court issued a written order denying the County's motion. It found (1) the question of the County's right to control the work of its employees was moot, as the map was already completed; (2) prohibiting the use of the map would be a waste of resources; (3) there is no conflict of interest, as the County's ordinance was not at issue; and (4) if the Department was unaware that its employees were assisting petitioners, the miscommunication was the result of "sort of [an] intra-familial dispute between County agencies [that] ought to be addressed by the County, not the courts."

On May 22, 2012, the County filed the instant petition, asking that we direct the superior court to vacate its order denying the County's motion to rescind the appointment of Franchino and Zagurski as experts for real parties in interest.

On May 31, 2012, we issued an alternative writ of mandate directing the superior court either to vacate its March 21, 2012 ruling denying the County's motion to vacate the order appointing Franchino and Zagurski and enter a new and different order granting the motion and require real parties in interest to turn over to the County copies of all documentation and information provided to them by the experts or to show cause why a peremptory writ of mandate ordering it to do so should not issue. On June 28, real parties in interest filed a return.[2] On July 16, the County filed a reply.

---

[2] Although the return was due by June 22 and real parties in interest did not seek leave to file it late, we have read and considered real parties in interest's arguments. We granted the County's request to file its reply one day late.

## DISCUSSION

I. *The Trial Court Lacked the Authority to Appoint Department Employees to Be Experts for Real Parties in Interest Over the Department's Objection*

The County argues, "Neither the real parties in interest, in their oppositions to the Department's motion, nor the respondent court, in its order denying the Department's motion, has offered any sort of legal authority for the issuance of this order without notice to, or the approval of, the Department." Real parties in interest argue that notice to the Department was not required, and if it was, the Department was given proper notice prior to the experts' appointment. In addition, they contend that failure to give notice does not justify vacating the appointment order.

Real parties in interest do not address the County's point that, notwithstanding notice, a court is not allowed to appoint Department employees as experts over the Department's objection. Nor did the trial court. It concluded that the County's objection was moot. Because the experts had completed the map requested by real parties in interest's counsel, the court wrote in its order: "Moreover, assuming wrongdoing by the Public Defender for the sake of argument, pretending that the map does not exist is not an appropriate sanction."

We address the initial question. Should the trial court have signed the appointment order in the first instance? For the reasons set forth, the answer is "No."

█ There is little question that, in general, a public entity has the right to direct the tasks undertaken by its employees. It is clear that a court's appointment of a public employee to perform work for a private party against the employer's wishes interferes with that right. Although our research was unable to uncover a decision espousing that commonsense view, we did find an Attorney General opinion on the subject. █ The opinion is not binding on us; however, it is entitled to " 'considerable weight.' " (*City of Long Beach v. Department of Industrial Relations* (2004) 34 Cal.4th 942, 952 [22 Cal.Rptr.3d 518, 102 P.3d 904].)

The Director of the Division of Law Enforcement within the Department of Justice asked the Attorney General whether a trial court had the authority to appoint one of its criminalists as an expert witness for a private party over the Department's objection. The Attorney General concluded a court lacked such authority. (61 Ops.Cal.Atty.Gen. 506 (1978).) The Attorney General drew a distinction between those employees who were either percipient

witnesses or had performed an examination of evidence as part of their assigned duties and those employees who had no specific connection to a case. The former could be compelled to testify; the latter could not. Noting that the state's conflict of interest laws (Gov. Code, former § 19251; see now *id.*, § 19990) required employees to devote their full time and attention to state employment, the Attorney General wrote: "A private litigant is not permitted to interfere with either the operation of a public agency or the performance of a public employee's duties." (61 Ops.Cal.Atty.Gen., *supra*, at p. 510.) Nor, the Attorney General opined, is a court: "It would be an abuse of discretion to appoint [a public employee] as a 'court expert' over [the] objection of the [public employer] where similar experts are obtainable in the private sector." (*Id.* at p. 511.)

 We adopt the reasoning of the Attorney General here. As Department employees, the appointed experts in this case have a duty to devote their full time and attention to the needs of their employer. (See L.A. County Code, § 5.44.010.) Thus, the Department has the right to assign work to its employees as it sees fit without interference by private parties or the court through the use of the court's power to appoint experts. The trial court should have required real parties in interest to demonstrate that the Department had been advised of the appointment request and had voiced no objection. This determination achieves the goal of providing an employer the right to control its work force and does no violence to the general rule concerning the appointment of experts. Upon a proper showing, an indigent defendant has a right to the appointment of experts to assist in his or her defense. However, he or she has no right to demand the appointment of a specific expert as opposed to any other qualified individual. (*People v. Young* (1987) 189 Cal.App.3d 891, 902–903 [234 Cal.Rptr. 819].) Real parties in interest have not suggested that Franchino and Zagurski are the only qualified individuals who can assist them.

Real parties in interest urge that the experts at issue are willing to provide their services. Even if true, Franchino and Zagurski are employees of the Department. As we have discussed, it is the Department's prerogative to determine whether its employees are available to act as experts.

There is a second reason why the appointment order should not have been signed. The order created a conflict of interest as a matter of law.

The parties and the trial court were apparently unaware of Los Angeles County Code section 5.44.100, subdivision A. It provides: "No officer or employee of the county of Los Angeles shall accept employment as, or receive any remuneration in addition to their county compensation for services as, an expert witness or examiner in any proceeding before any

court, board or commission in any matter in which the county is a party or in which any party to the proceeding has, in relation to the subject matter of the proceeding, been subject to the jurisdiction or regulation of the county or any county board, commission or agency."[3]

Real parties in interest correctly point out that the County is not a party to this proceeding. But real parties in interest are subject to a regulation of the County in relation to the subject matter of this proceeding—where parolees who are registered sex offenders are allowed to live within the County. As a result of section 3003.5, subdivision (b), the County enacted an ordinance restricting the residency of registered sex offenders. Los Angeles County Code chapter 13.59 sets forth guidelines where such individuals can live within the County. As real parties in interest are subject to that ordinance, the Department's employees were barred from accepting employment as expert witnesses.

■ It matters not that the County failed to argue this point in the trial court. The appointment of an expert lies within the discretion of the trial court and will not be set aside absent an abuse of that discretion. (*Corenevsky v. Superior Court* (1984) 36 Cal.3d 307, 321 [204 Cal.Rptr. 165, 682 P.2d 360].) An act constituting an abuse of discretion is described as one that is arbitrary, capricious, or beyond the bounds of reason. (See *County of Siskiyou v. State Personnel Bd.* (2010) 188 Cal.App.4th 1606, 1615 [116 Cal.Rptr.3d 469].) The appointment order in question requires two individuals to violate the rules of their employment. By definition, the order is beyond the bounds of reason and is subject to correction.

We would reach this same conclusion even in the absence of a written conflict of interest rule. The appointment of a confidential expert whose employer has an interest contrary to that of the party seeking the appointment is inherently problematic. The conflict it creates between employer and employee is readily apparent and should simply be avoided.

Finally, basic fairness requires prohibition of the effect of an appointment order such as the one in the present case. The County correctly notes that if section 3003.5, subdivision (b) is declared unconstitutional, its ordinance

---

[3] At oral argument, real parties in interest asserted that the section did not apply in the present case for two reasons: (1) the Department—not the individual employees—was appointed to provide expert assistance; and (2) Franchino and Zagurski did not accept *employment* as expert witnesses. Both claims miss the mark. First, the appointment order makes clear that Franchino and Zagurski, not unnamed employees of the Department, were to confidentially consult with real parties in interest. Second, the use of the word "employment" in section 5.44.100, subdivision A means that a County employee may not render service as an expert in situations where there is a conflict.

would be subject to a similar attack. Because of the confidential nature of the appointment, the County would be unable to utilize the expertise of its employees, who are beholden to the interests of real parties in interest. It seems obvious that a trial court would look askance at a deputy district attorney who was trying a murder case and sought the confidential appointment of a public defender investigator who was a ballistics expert. We discern little difference here.

## II. *Vacating the Appointment Order Is the Appropriate Remedy*

Real parties in interest and the court focus on the maps that the experts helped to create and assert that vacating the appointment order would cause the maps to become useless and constitute a waste of resources. In particular, the court found that granting the County relief would be "pretending that the map does not exist." Real parties in interest spend a great deal of time discussing the effect of vacating the order on the potential testimony of the experts. Real parties in interest, and by inference the trial court, are concerned that vacating the appointment order necessarily means that the map created by the experts cannot be used by real parties in interest in any manner.

We emphasize that the discussion regarding the admissibility of the experts' testimony is premature. It is true that in the trial court the County sought an order barring real parties in interest from using in the pending hearing any documents or information provided by the experts. However, our alternative writ of mandate did not grant the County that relief. Our order directed the trial court "to vacate the November 15, 2010 order of appointment of experts and enter a new and different order granting the motion *so as to vacate the appointment of experts and require real parties to turn over to petitioner copies of all documentation and information provided to them by the two experts*." (Italics added.) We did not rule on the admissibility of evidence at any future hearing. At this point, without knowing the substance of the proffered evidence (e.g., matters of public record, statistical information, or opinion), it would be senseless to do so.

■ Real parties in interest's and the trial court's belief that vacating the appointment order would serve no purpose is mistaken. The appointment order required the experts to keep their consultations with real parties in interest confidential. We have determined that a court has no authority to interfere with the employer-employee relationship by way of an appointment order over the objection of the employer. Giving the County the information developed by its employees would provide the County what it is entitled to—the benefit of its employees' work product.

## DISPOSITION

Let a peremptory writ of mandate issue directing the superior court (1) to vacate its order denying the County's motion to vacate the appointment of Nick Franchino and Todd Zagurski as confidential experts for real parties in interest and enter a new order granting the motion and (2) to order real parties in interest to immediately turn over to the County all documents, materials, and information provided to them by the two experts.

The temporary stay of the pending hearing is vacated.

Willhite, Acting P. J., and Manella, J., concurred.